JOHN MUNSCH, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 14, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The complaint filed in this case is as follows:

"*Complaint of payment of State Liquor License twice in 1934.*

May 16, 1934, Application No. 15969, License No. E16791.

July 16, 19334, Application No. 22164, in favor of John Munsch, 3401 Armitage Avenue, Chicago, Illinois."

The Attorney General has moved to strike the complaint for the reason that the same does not comply with the rules of this court.

Rules Four (4) and Five (5) of this court have reference to the form of complaint, and provide as follows:

"Rule 4. (a) Such complaint shall state concisely the facts upon which the claim is based and shall set forth the address of the claimant, the time, place, amount claimed, the State department or agency in which the cause of action originated and all averments of fact necessary to state a cause of action at law or in equity."

\* \* \* \* \* \* \* \* \* \*

"Rule 5. (a) The claimant shall state whether or not his claim has been presented to any State department or officer thereof, or to any person, corporation or tribunal, and if so presented, he shall state when, to whom, and what action was taken thereon; and, he shall further state whether or not he has received any payment on account of such claim and, if so, the amount so received.

(b) The claimant shall also state whether or not any third person or corporation has any interest in his claim, and if any such person or corporation has an interest therein the claimant shall state the name and address of the person or corporation having such interest, the nature thereof, and how and when the same was acquired."

There is no disposition on the part of this court to be technical or exacting in matters of form, particularly when a claim is filed by the claimant pro se. Nevertheless, there must be a substantial compliance with the requirements of the foregoing rules so that the respondent may know the nature of the claimant's demand, in order to make a proper defense thereto, and in order to enable the court to intelligently pass upon the questions involved. *Wolfe* vs. *State*, 5 .C. C. R. 18; *Lewson* vs. *State*, 5 C. C. R. 80.

From the complaint as above set forth, it is impossible to ascertain the nature of the claimant's demand or the amount claimed. Furthermore, no attempt is made to comply with the requirements of Rule 5. The complaint is materially defective both in form and substance, and does not comply with the rules of the court.

The motion of the Attorney General must therefore be sustained.

Motion allowed. Complaint stricken.